COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Senior Judge Fitzpatrick


KENNETH ANDERSON, SR.

                                                            MEMORANDUM OPINION[*]
v.       Record No. 2727-07-4                                    PER CURIAM
                                                              APRIL 15, 2008
ALEXANDRIA DEPARTMENT
  OF HUMAN SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

(George P. Doss, Jr., on brief), for appellant.

(Richard F. Gibbons, Jr.; Ignacio B. Pessoa; Office of the City
Attorney, on brief), for appellee.

(Dale Warren Dover, on brief), Guardian *ad litem* for the minor
child.


On October 18, 2007, the trial court terminated the residual parental rights of Kenneth

Anderson, Sr. (appellant), to his son K.A. pursuant to Code § 16.1-283(C)(1) and (C)(2).  On

appeal, appellant contends the evidence was insufficient to support the trial court's ruling.  Upon

reviewing the record and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

FACTS

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in

the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible

therefrom.'"  Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).

K.A. tested positively for cocaine at his birth on November 24, 2005. Appellant was not married to and did not reside with the child's mother, Tawanna Hines, but he was present at K.A.'s birth.[1] From the hospital, K.A. was placed in the home of Hines' cousin, Kizzy Jackson. Appellant did not request that K.A. be placed with him.

In the weeks following K.A.'s birth, appellant and Hines were scheduled to have two weekly visitations with K.A. in Jackson's home. Appellant and Hines had conflicts during the visits because appellant brought his girlfriend with him, and appellant's attendance at visitation with K.A. was inconsistent. Appellant then was granted visitation with K.A. separate from Hines. Without Hines, appellant visited K.A. at Jackson's home about four times.

On February 19, 2006, appellant was incarcerated in the Alexandria city jail for a probation violation. He remained incarcerated until the termination hearing in October 2007. While incarcerated, appellant had no contact or communication of any nature with K.A.

On March 2, 2006, the Alexandria Department of Human Services (DHS) was granted custody of K.A., who still resided in Jackson's home. The court ordered appellant to submit to mental health and substance abuse evaluations.

Laurie Best, a DHS social worker, was assigned to K.A.'s case in January 2006. From the jail, appellant identified his mother in Boston as a relative who could assume custody of K.A. However, K.A. could not be placed with appellant's mother because of her prior criminal record.

In the fall of 2006, Best advised appellant he was required to request the court-ordered evaluations from the jail officials. Although Best twice told appellant he must initiate the request himself for the evaluations to be performed, he did not do so. Appellant signed up for

---

[1] Hines' parental rights to K.A. were terminated in 2006.

Alcoholics Anonymous meetings, but he did not regularly attend them. Nor did he complete a "fatherhood" course offered at the jail. In December of 2006, appellant told Best he would be incarcerated for another twelve months.[2] Appellant also said he would be unable to care for K.A. until six months after his release.

A second DHS social worker, Kathryn Kramer, assumed responsibility for K.A.'s case in May 2007. She had no contact with appellant because he had been transferred to Deep Meadow Correctional Facility in the state prison system.

At the termination hearing, Kramer testified that K.A., who would be two years old in November 2007, exhibited delay in his speech development that required professional therapy. K.A. also demonstrated difficulties with attachment and motor development. The child had been moved from Jackson's home to a foster home, and was progressing well.

Appellant had fathered two daughters with two different women. Appellant's daughters lived with their mothers in Massachusetts. Appellant testified that he and Hines "never really [had] a relationship." At the time of K.A.'s birth and at the termination hearing, appellant was romantically involved with a woman other than Hines.

Appellant testified that he did not complete the "fatherhood" class at the Alexandria jail because the course was discontinued. Appellant also claimed that a mental health evaluation was performed while he was at the Alexandria jail, but he never received a copy of the evaluator's report. Appellant did not produce the mental health evaluation at his termination hearing. Appellant said he was transferred to the state prison system before he was eligible to begin the Sober Living program at the jail. Appellant claimed that upon his release from prison in December 2007 he would be employed by his father and could provide a home for K.A.

---

[2] Appellant was scheduled for release on December 12, 2007.

ANALYSIS

When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Toms, 46 Va. App. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)). In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

The trial court terminated appellant's parental rights pursuant to Code § 16.1-283(C)(1) and (C)(2). A termination pursuant to Code § 16.1-283(C)(1) requires the trial court to find by clear and convincing evidence that termination was in the child's best interests and that the parent has,

> without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship. Proof that the parent . . . ha[s] failed

without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition . . . .

The evidence proved appellant did not seek custody of K.A. after his birth even though the child's mother was a drug user. Appellant visited K.A. only a few times at Jackson's home. Appellant was incarcerated from February 2006 until the termination hearing in October 2007. During that time, appellant did not communicate with K.A. in any form. Although appellant testified otherwise, he told Best he would require six months after his release from prison in December 2007 to be able to care for K.A. K.A., who tested positively for cocaine at birth, required ongoing therapy for his speech development, and the child had other special needs.

Appellant's incarceration for a majority of K.A.'s life prior to the termination hearing was "a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support [the] court's finding that the best interests of the child will be served by termination." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992). The record thus supports the trial court's finding that the conditions contained in Code § 16.1-283(C)(1) were proven by clear and convincing evidence and that termination of appellant's parental rights was in K.A.'s best interests.[3]

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Public Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child

_____

[3] Because we find the evidence sufficient to support termination pursuant to Code § 16.1-283(C)(1), we need not consider any challenge appellant raises to the sufficiency of the evidence for a termination under Code § 16.1-283(C)(2). See Fields, 46 Va. App. at 8, 614 S.E.2d at 659.

to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." <u>Kaywood v. Halifax County Dep't of Soc. Servs.</u>, 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). Because the evidence supports the trial court's decision to terminate appellant's parental rights, we do not disturb it.

<u>CONCLUSION</u>

Accordingly, we find appellant's appeal is without merit, and we summarily affirm the decision.

<u>Affirmed.</u>